**FILED**

**MAY 1 1 2018**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF MO**
**ST. LOUIS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **4:18CR414 RWS** |
| v. ) | |
| ) | |
| GREGORY S. McKINNEY, ) | |
| ) | |
| Defendant. ) | |

### INFORMATION

The United States Attorney for the Western District of Missouri charges that:

### Count 1
### (Introduction of Adulterated Food into Interstate Commerce)

At all times material to this Information:

#### The United States Food and Drug Administration

1. The United States Food and Drug Administration ("FDA") was the agency of the United States government responsible for enforcing the provisions of the Federal Food, Drug, and Cosmetic Act ("FDCA"). The FDA's responsibilities included, among other things, regulating the distribution of food shipped, delivered, and received in interstate commerce, including articles offered for import into the United States.

#### The Federal Food, Drug, and Cosmetic Act

2. Under the FDCA, the term "food" meant articles used for food or drink for man or other animals and articles used for components of any such article. Title 21, United States Code, Section 321(f).

3. Under the FDCA, the term "interstate commerce" meant commerce between separate States in the United States and commerce between any State of the United States and any place outside thereof. Title 21, United States Code, Section 321(b).

4.      The FDCA prohibited the introduction or delivery for introduction in interstate commerce, or the causing of such delivery or introduction, of any food that was adulterated. The FDCA defined "adulterated food" to include: food in which any valuable constituent has been in whole or in part omitted, Title 21, United States Code, Section 342(b)(1); food in which any substance has been substituted wholly or in part therefor, Title 21, United States Code, Section 342(b)(2); and food to which any substance has been added or mixed so as to make it appear the food is better or of greater value than it is, Title 21, United States Code, Section 342(b)(4).

Adulterated Pet Food Products Sold by Superior Commodities LLC

5.      Beginning in 2010, Defendant GREGORY S. McKINNEY ("McKINNEY") co-owned and operated Superior Commodities LLC ("Superior Commodities"), a Texas LLC operating in and from Tyler, Texas and Henderson, Texas.

6.      At all times relevant, McKINNEY was also an investigator for the Office of the Texas State Chemist, Texas Feed and Fertilizer Control Service. The defendant created and operated Superior Commodities intending to replicate adulteration and misbranding practices he had previously investigated.

7.      Beginning in 2011 and continuing through 2014, the defendant, and others, through Superior Commodities, introduced, sold, delivered, and supplied food ingredients for use in pet food products. Specifically, the defendant, and others, through Superior Commodities, introduced, sold, delivered and supplied regular weekly shipments of an adulterated food product that was falsely labelled "chicken meal."

8.      Adulterated food products and ingredients from Superior Commodities labeled as "chicken meal" introduced into interstate commerce included one or more adulterated interstate

shipments that originated from Texas and travelled through the Eastern District of Missouri. As such, the defendant committed offenses within the Eastern District of Missouri and also continued and completed offenses within the Eastern District of Missouri, that were begun in other Districts.

9. The food products the defendant introduced, delivered for introduction, and caused the introduction and delivery for introduction into interstate commerce from Texas were adulterated in that the defendant and others:

    a. omitted, and caused to be omitted, in whole or in part, the raw material ingredient chicken meal from premium pet food products and ingredients, specifically chicken meal supplied to pet food companies and manufacturers from Texas;

    b. substituted, and caused to be substituted, in whole or in part, chicken by-product meal for premium pet food products and ingredients, such as chicken meal, supplied to pet food companies and manufacturers from Texas;

    c. substituted, and caused to be substituted, in whole or in part, hydrolyzed poultry feathers (also referred to as feather meal) or hydrolyzed feather meal for premium pet food products and ingredients, such as chicken meal, supplied to pet food companies and manufacturers from Texas;

    d. mixed and blended, and caused to be mixed and blended, chicken by-product meal with one or more raw materials to make the products and ingredients supplied to pet food companies and manufacturers from Texas appear better and of greater value than the product was; and

e. mixed and blended, and caused to be mixed and blended, hydrolyzed poultry feathers with one or more raw materials to make the products and ingredients supplied to pet food companies and manufacturers from Texas appear better and of greater value than the product was.

10. As directed and caused by the defendant, and others, Superior Commodities regularly purchased and received the raw material food ingredient "feather meal" from one or more suppliers. As directed and caused by the defendant, and others, Superior Commodities regularly purchased and received the raw material food ingredient chicken by-product meal from one or more suppliers. As directed and caused by the defendant, and others, the practice and business of Superior Commodities was to blend the feather meal it purchased and received with the chicken by-product meal it purchased and received and then sell and label that blended product as chicken meal knowing the product was not, in fact, chicken meal. Thus, as to food products introduced into interstate commerce, the defendant, and others, omitted food articles, substituted food articles, and made food articles appear better and of greater value, and thereby committed and caused these acts of adulteration, and did so with the intent to defraud and mislead.

11. Beginning in or before 2011 and continuing through October of 2014, in the Eastern District of Missouri and elsewhere,

**GREGORY S. McKINNEY,**

the defendant herein, and others, with the intent to defraud and mislead, introduced, delivered for introduction, and caused the introduction and delivery for introduction into interstate commerce of food products, as the term food is defined in 21 U.S.C. Section 321(f), that were adulterated,

4

namely multiple shipments of an animal protein product and ingredient for pet food which were falsely labelled as "Chicken Meal," when, in fact, the product and ingredient regularly and repeatedly introduced and delivered was not the premium pet food product and ingredient chicken meal but an adulterated mix and blend of feather meal and chicken by-product meal that omitted, in whole or in part, chicken meal.

In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

### FORFEITURE ALLEGATION

The United States Attorney further alleges there is probable cause that:

1. Pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2) as set forth in Count One, the defendant shall forfeit to the United States of America any article of food that is adulterated or misbranded when introduced into or while in interstate commerce.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

5

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

                                         Respectfully submitted,

                                         JEFFERSON SESSIONS  
                                         United States Attorney General  
                                         TIMOTHY GARRISON  
                                         United States Attorney  
                                         WESTERN DISTRICT OF MISSOURI

                                         /s/ Charles S. Birmingham  
                                         CHARLES S. BIRMINGHAM, #47134MO  
                                         Special Attorney to the United States Attorney General

                                         /s/ Gilbert C. Sison  
                                         GILBERT C. SISON, #52346MO  
                                         Special Attorney to the United States Attorney General

UNITED STATES OF AMERICA )
EASTERN DIVISION )
EASTERN DISTRICT OF MISSOURI )

I, Charles S. Birmingham, Special Attorney to the United States Attorney General, being duly sworn, do say that the foregoing information is true as I verily believe.

_____
CHARLES S. BIRMINGHAM, #47134MO

Subscribed and sworn to before me this ___ day of May, 2018.

_____
CLERK, U.S. DISTRICT COURT

By: _____
DEPUTY CLERK