IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 4:18CR00414-1-RWS |
| GREGORY S. McKINNEY, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

## I.  INTRODUCTION AND FACTUAL SUMMARY

The United States of America, by and through undersigned counsel, submits the following memorandum for sentencing purposes.  Defendant Gregory McKinney is scheduled to appear for sentencing on April 27, 2020.  As outlined below, the United States recommends that this Court sentence Mr. McKinney to a five-year term of probation.

From 2012 through 2014, pet food companies and manufacturers received adulterated and misbranded food products and ingredients from Wilbur-Ellis Company, LLC, by and through Diversified Ingredients, Inc., as well as Henry Rychlik, Jr., Collin McAtee, Douglas Haning, and the defendant, Gregory S. McKinney.  The scheme came to light when civil suits were filed by and against various pet food companies in 2014.  (PSR ¶¶ 26-28.)

In 2010, the Office of the Texas State Chemist ("OTSC"), charged with investigating violations of the Texas Agriculture Code, obtained proof that ABP-Rosser (a predecessor company to Wilbur-Ellis) was illegally blending hydrolyzed feather meal into its products in violation of feed ingredient laws.  OTSC investigators questioned both Douglas Haning and Henry Rychlik, Jr.  As a result of its investigation, OTSC issued a "Stop Sale Seizure" against

ABP-Rosser on May 12, 2010.  Defendant Gregory McKinney was an investigator for OTSC and participated in this investigation.  (PSR ¶¶ 18, 29-31.)

In 2010, McKinney and a partner created and operated Superior Commodities, LLC. Superior Commodities operated in Tyler, Texas and Henderson, Texas, and replicated the pet food adulteration and misbranding practices McKinney had investigated.  McKinney's partner acted as a straw owner of Superior Commodities to conceal McKinney's involvement in the company and conflict of interest as an investigator for OTSC.  Because McKinney had advance notice of any inspections, he thought the risk of detection was low.  (PSR ¶ 31.)  When the civil suits were filed in 2014, McKinney closed Superior Commodities and eventually burned the company's records. (PSR ¶ 32.)

United States Probation Officer Amy Linne determined that McKinney's individual gain from the sales of adulterated and misbranded pet food ingredients through Superior Commodities was $1,016,434.58, while the company itself gained $2 million.  (PSR ¶ 45.)

McKinney hired a lawyer and admitted his involvement in Superior Commodities even before he was questioned in connection with the criminal investigation.  McKinney provided information about his own criminal actions and those of others.  McKinney pled guilty to a one-count information charging Introduction of Adulterated Food into Interstate Commerce with Intent to Defraud, in violation of 21 U.S.C. § 331(a) and 21 U.S.C. § 333(a)(2), on May 11, 2018.

## II.  RECOMMENDED SENTENCE

Probation Officer Linne calculated McKinney's total offense level at 23, based on a loss exceeding $1.5 million pursuant to § 2B1.1(b)(1)(I), plus a two-level enhancement for sophisticated means pursuant to § 2B1.1(b)(10)(C), plus a two-level enhancement for abuse of a position of trust pursuant to § 3B1.3, minus a three-level reduction for acceptance of responsibility

pursuant to § 3E1.1(b).   (PSR ¶¶ 54-64.)   With a Criminal History Category I, the guideline imprisonment range is 46 to 57 months.  (PSR ¶ 105.)  There were no objections to the PSR.

### 1. Nature and Circumstances of the Offense

The nature and circumstances of Mr. McKinney's offense, a scheme to sell adulterated, misbranded ingredients to pet food manufacturers, is serious.   Several manufacturers paid premium prices for ingredients they didn't get, which caused the pet food they sold to pet owners across the country to be likewise misbranded.  Even more serious, Mr. McKinney's job was to police this industry and not exploit his position and knowledge for fraudulent personal gain.

### 2. History and Characteristics of the Defendant

Mr. McKinney has no criminal history and he appears to have complied with the terms of pre-trial supervision to date.  (PSR ¶ 80.)

As noted above, Mr. McKinney confessed his involvement to agents early in the investigation – before he was even a suspect.  He then pled guilty to an information and thus saved the government significant resources that would have been required to try the case. Mr. McKinney's confession and plea also avoided problems that would have arisen in the related prosecutions had he not admitted his culpability.   Mr. McKinney agreed to forfeiture of $1,014,434.58 and paid $250,000 of that amount at his guilty plea hearing.   (D.E. 26.) Mr. McKinney has committed to paying the amount of his final order of forfeiture - $766,434.50. These factors all weigh in favor of a more lenient sentence for Mr. McKinney.

### 3. The Need to Avoid Unwarranted Sentencing Disparities

A probationary sentence would avoid unwarranted sentencing disparities among defendants with similar records who have been convicted of this conduct.  As noted by Probation Officer Linne in the related cases section of the PSR and as this Court knows firsthand, all

3

defendants have received primarily monetary penalties, that is, restitution, fines, and/or forfeiture. (PSR ¶¶ 13-17.)  Wilbur-Ellis LLC received probation, paid $4,549,682 in restitution and paid a $1,000 fine.  Diversified Ingredients, Inc. received probation, paid $1,500,000 in restitution and paid a $2,000 fine.  Collin McAtee pled guilty but died before sentencing.  Henry Rychlik, Jr., received probation and paid a $2,000 fine.  Douglas Haning received probation and agreed to approximately $1 million in forfeiture.

Mr. McKinney, who was not the most culpable defendant and who accepted responsibility by pleading guilty to a felony count and a forfeiture money judgment of $1,016,434.58, should not be the only defendant involved in this scheme to go to prison.

### III.  CONCLUSION

Based on the factors discussed in this sentencing memo, the United States respectfully requests that the Court sentence Mr. McKinney to five years' probation and finalize the order of forfeiture of $766,434.58.

Respectfully submitted,

WILLIAM P. BARR
United States Attorney General

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

*/s/ Kathleen D. Mahoney*

KATHLEEN D. MAHONEY     #38828MO
Special Attorney to the Attorney General

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March 2020, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification.

*/s/ Kathleen D. Mahoney*

Kathleen D. Mahoney
Special Attorney to the Attorney General

5